IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA V. GARDNER-LOZADA,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **SEPTA,** | : | |
| *Defendant*. | : | No. 13-2755 |
| | : | |

## ORDER

**AND NOW**, this 26th day of February, 2015, upon consideration of SEPTA's Motion *In Limine* (Docket No. 28), Ms. Gardner-Lozada's Response in Opposition (Docket No. 33), SEPTA's Second Motion *In Limine* (Docket No. 41), and Ms. Gardner-Lozada's Response in Opposition (Docket No. 43), for the reasons set forth in the Court's Memorandum Opinion of even date, **the Court hereby ORDERS** that SEPTA's Motion *In Limine* (Docket No. 28) and SEPTA's Second Motion *In Limine* (Docket No. 41) are **GRANTED IN PART and DENIED IN PART** so that:

1. The Motions are **DENIED** as to:

    a. Evidence and testimony regarding the circumstances underlying Ms. Gardner-Lozada's 2008 EEOC Charge and 2009 civil complaint;

    b. Evidence and testimony regarding the circumstances under which Ms. Gardner-Lozada became NORAC certified; and

2. The Motions are **GRANTED** as to:

    a. Evidence and testimony regarding Ms. Gardner-Lozada's failure to be promoted to Director of Transportation – Bus Operations in December 2011;

    b. Evidence and testimony regarding Thomas Bateman's transfer to the position of Transportation Manager;

c. Evidence and testimony regarding the male SEPTA employees listed in paragraph 31 of the Amended Complaint; and

d. Evidence and testimony suggesting that the process whereby Ms. Gardner-Lozada became NORAC certified was distinct from the process whereby Mr. Bateman became NORAC certified.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge