IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA V. GARDNER-LOZADA,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **SEPTA,** | : | |
| *Defendant*. | : | No. 13-2755 |
| | : | |

PRATTER, J.                                                                                                 MARCH 13, 2015

**MEMORANDUM**

Debra Gardner-Lozada claims that SEPTA engaged in gender discrimination (Counts I and III) and retaliation (Counts II and IV) under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 *et seq.*, when it failed to promote her to the position of Director of Railroad Service – Operations Division ("Operations Director") in May 2012.[1] SEPTA plans to introduce at trial evidence that (1) Ms. Gardner-Lozada was promoted to Manager – Railroad Revenue and Parking ("Manager") in May 2014, a position at the same salary grade as the Operations Director position, (2) Ms. Gardner-Lozada applied and was accepted to SEPTA's Advancing Internal Management ("AIM") Program in 2013, whose purpose is to recognize, develop, and retain top leadership talent within SEPTA, and (3) Ms. Gardner-Lozada was a Facilitator for SEPTA's "Women in Transit" group in 2014.

Ms. Gardner-Lozada has filed a Motion *In Limine* (Docket No. 55) to preclude the introduction at trial of that evidence. In particular, the Motion identifies SEPTA Trial Exhibits 3, 4, 5, 6, 50, 51, 52, 53, and 56 as objectionable. She cites no case law in support of the Motion. For the reasons that follow, the Court will deny the Motion.

---

[1] The Court presumes general familiarity with the factual background set forth in detail in the Court's February 26, 2015 Opinion (Docket No. 48) on SEPTA's previous Motions *In Limine* (Docket Nos. 28, 41).

1

## I. LEGAL STANDARD

"Under the Federal Rules of Evidence, subject to certain limitations, all evidence is admissible if it is relevant, i.e., if it tends to make the existence or nonexistence of a disputed material fact more probable than it would be without that evidence." *Forrest v. Beloit Corp.*, 424 F.3d 344, 355 (3d Cir. 2005); *see* Fed. R. Evid. 401, 402. Pursuant to Federal Rule of Evidence 403, a court may nonetheless exclude relevant evidence if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Forrest*, 424 F.3d at 355 (quoting Fed R. Evid. 403). To exclude evidence under Rule 403, "the probative value of the evidence must be 'substantially outweighed' by the problems in admitting it." *Id.* (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343-44 (3d Cir. 2002)). However, "prejudice does not simply mean damage to the opponent's cause." *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002) (internal quotation marks omitted). Only "*unfair* prejudice," or "prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found," can tip the scales in favor of inadmissibility. *Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (emphasis added).

## II. DISCUSSION

### A. MS. GARDNER-LOZADA'S 2014 PROMOTION TO MANAGER

Pursuant to Federal Rules of Evidence 401 and 403,[2] Ms. Gardner-Lozada seeks to exclude evidence of the circumstances surrounding her 2014 promotion to Manager. Ms.

---

[2] Ms. Gardner-Lozada also argues that the evidence should be excluded as hearsay under Rule 802, but the Motion does not specify which particular pieces of evidence constitute hearsay.

Gardner-Lozada argues that "evidence surrounding any subsequent application . . . for promotion to any position after the May 2012 Director of Railroad Service that was denied to Plaintiff are irrelevant and immaterial to the only position that is going to trial," (Pl.'s Mot. ¶ 2), and that any evidence of her promotion or classes she had to take to become eligible for her promotion "have no relevance to whether or not SEPTA's failure to interview [her] in May 2012 for the position of Director of Railroad Service[] was because of her gender or in retaliation for [her] prior protected activities." *Id.* at ¶ 3. Ms. Gardner-Lozada also argues that such evidence would unnecessarily prolong the trial and confuse the jury because the parties would end up litigating the fairness of the promotion process in 2014 rather than the hiring process in 2012. *Id.* at ¶ 5.

SEPTA articulates five reasons why it believes the evidence is relevant and admissible: (1) it rebuts Ms. Gardner-Lozada's claim that she suffered "mental anguish, emotional distress, humiliation, and damages to her reputation," (Am. Compl. ¶ 44), as a result of SEPTA's actions, (2) it rebuts Ms. Gardner-Lozada's claim that she was assigned additional responsibilities without receiving additional compensation, (3) it rebuts Ms. Gardner-Lozada's claim that she faced antagonism at work, (4) it rebuts Ms. Gardner-Lozada's claim the she was ostracized, and (5) it is relevant to Ms. Gardner-Lozada's claim for back pay.

The Court will permit SEPTA to introduce evidence of Ms. Gardner-Lozada's 2014 promotion because the evidence is relevant to the issue of damages. Ms. Gardner-Lozada seeks to recover back pay, and a jury could rely on evidence of her 2014 promotion to find that she is not due any back pay for the period after her promotion. Similarly, the fact that Ms. Gardner-Lozada was promoted in 2014 suggests that she did not suffer serious damage to her reputation or other adverse consequences as a result of SEPTA's actions. The Court also finds that the

---

In light of this uncertainty—and the fact that some of the evidence is plainly not hearsay—it would be inappropriate for the Court to rule on that issue at this time. The Court will deny her motion under Rule 802 without prejudice to raise appropriate objections at trial.

evidence should not be excluded under Rule 403 because it has substantial probative value on the issue of damages, and the risks of undue delay or jury confusion are minimal.

### B. MS. GARDNER-LOZADA'S ACCEPTANCE TO THE AIM PROGRAM

Pursuant to Federal Rules of Evidence 401 and 403, Ms. Gardner-Lozada also seeks to exclude evidence that she was accepted to the AIM Program in 2013. She argues that the evidence is irrelevant to the question of whether SEPTA's decision not to interview her in May 2012 was discriminatory or retaliatory. SEPTA claims that the evidence is relevant to Ms. Gardner-Lozada's claims for "mental anguish, emotional distress, humiliation and damages to her reputation," (Am. Compl. ¶ 44), because it demonstrates that she suffered little damage to her reputation in May 2012. The Court agrees with SEPTA. A reasonable jury could rely on the evidence of Ms. Gardner-Lozada's selection for the AIM Program to find that she suffered little reputational harm as a result of SEPTA's alleged discrimination and retaliation. In addition to being relevant, the evidence has substantial probative value and only minimal risks of undue delay or unfair prejudice. The Court finds that Ms. Gardner-Lozada is not entitled to argue that she suffered harm to her reputation unless SEPTA is permitted to introduce competent evidence to the contrary. For that reason, the Court will not exclude the evidence under Rules 401 or 403.

### C. "A MESSAGE FROM WOMEN IN TRANSIT"

Finally, Ms. Gardner-Lozada moves to exclude SEPTA Trial Exhibit 56, a document dated September 22, 2014 entitled "A Message from Women in Transit." The document is a communication from Ms. Gardner-Lozada and another female SEPTA employee about a group for female SEPTA employees entitled Women in Transit. Ms. Gardner-Lozada argues that the document "has no relevance or any probative value to the only claim permitted by the Court to go to trial in this case." (Pl.'s Mot. ¶ 4). SEPTA responds that the document rebuts Ms. Gardner-

Lozada's allegations that she suffered reputational harm and that SEPTA is a "Good Old Boys Network." The Court will permit the introduction of SEPTA Exhibit 56. The email shows that Ms. Gardner-Lozada occupied a leadership role in the Women in Transit group in 2014, which suggests that Ms. Gardner-Lozada did not suffer serious reputational harm as a result of SEPTA's actions in 2012. Additionally, to the extent Ms. Gardner-Lozada introduces evidence that SEPTA is a "Good Old Boys Network," SEPTA may use Trial Exhibit 56 to show that Ms. Gardner-Lozada was active in a group specifically meant to empower women at SEPTA. The Court does not find Ms. Gardner-Lozada's arguments about Trial Exhibit 56 under Rules 401 or 403 persuasive, so it will permit the evidence to be introduced at trial.

### III. CONCLUSION

For the reasons explained above, the Court will deny Ms. Gardner-Lozada's Motion *In Limine* (Docket No. 55).

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE